**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **UNILOC USA, INC.** and <br><br> **UNILOC SINGAPORE PRIVATE LIMITED**, <br><br> Plaintiffs, <br><br> v. <br><br> **(1) BMC SOFTWARE, INC.;** <br> **(2) CRYPKEY (CANADA), INC.;** <br> **(3) DIGITAL RIVER, INC.;** <br> **(4) ELECTRONIC ARTS, INC.;** <br> **(5) INTUIT, INC., and** <br> **(6) AUTODESK, INC,** <br><br> Defendants. | Civ. Action No.:  6:10cv636 <br><br><br><br> **JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc" or "Plaintiffs"), as and for their Complaint against defendants, BMC Software, Inc. ("BMC"), Crypkey (Canada), Inc. ("Crypkey"), Digital River, Inc. ("DR"), Electronic Arts, Inc. ("EA"), Intuit, Inc. ("Intuit") and Autodesk, Inc. ("Autodesk"), demand a trial by jury and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et al*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Upon information and belief, each defendant directly and/or indirectly: regularly solicits and conducts business within this judicial district, derives revenue from business transacted within this judicial district, and/or has committed acts of patent infringement within this judicial district.

3.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b), (c) and/or § 1400(b).

## THE PARTIES

4.      Plaintiff Uniloc USA, Inc. is a Texas corporation having a principal place of business at 2151 Michelson Drive, Irvine, California 92612.  Uniloc USA, Inc. also maintains places of business at 100 E. Ferguson Street, Suite 608-A, Tyler, Texas 75702 and a sales office in Plano, Texas.

5.      Plaintiff Uniloc Singapore Private Limited is a Singapore Corporation having a principal place of business at 80 Raffles Plaza, # 33-00 UOB Plaza I, Singapore 048624.

6.      On information and belief, BMC is a Delaware corporation registered to do business in Texas and having a principal place of business at 2101 CityWest Boulevard, Houston, Texas 77042 and a place of business at 6900 North Dallas Parkway, Plano, Texas 75042 where it regularly conducts business in this District.  BMC also regularly conducts business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint and through its ecommerce website www.bmc.com.  On information and belief, BMC's designated agent for service of process in Texas is CT Corporation, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

7.      On information and belief, Crypkey is a Canadian corporation having a principal place of business at 908 17 Ave. SW, Suite 200, Calgary, Alberta T2T 0A3, Canada.  Crypkey regularly conducts business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint and through its ecommerce website www.CrypKey.com.  Crypkey may be served at its principal place of business at 908 17 Ave. SW, Suite 200, Calgary, Alberta T2T 0A3, Canada by International Registered Mail.

8. On information and belief, DR is a Delaware corporation registered to do business in Texas and having a principal place of business at 9625 West 76th Street, Eden Prairie, Minnesota 55344. DR does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.digitalriver.com. DR does not have a designated agent for service of process in Texas. DR may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve DR at its principal place of business at 9625 West 76th Street, Eden Prairie, Minnesota 55344 via Certified Mail – Return Receipt Requested.

9. On information and belief, EA is a Delaware corporation registered to do business in Texas and having a principal place of business at 209 Redwood Shores Parkway, Redwood City, California 94065 and a place of business at 11501 Domain Drive, Austin, Texas 78758 where it regularly conducts business in Texas. Through its offices in Texas and elsewhere, EA does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.ea.com. On information and belief, EA's designated agent for service of process in Texas is National Corporate Research Ltd., 800 Brazos, Suite 400, Austin, Texas 78701.

10. On information and belief, Intuit is a Delaware corporation registered to do business in Texas and having a principal place of business at 2632 Marine Way, Mountain View, California 94043 and a place of business at 5601 Headquarters Drive, Plano, Texas 75024 where it also regularly conducts business in this District. Through its offices in Texas and elsewhere,

Intuit does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.intuit.com.  On information and belief, Intuit's designated agent for service of process in Texas is The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11. On information and belief, Autodesk is a Delaware corporation registered to do business in Texas and having a principal place of business at 111 McInnis Parkway, San Rafael, California 94903 and a place of business at 7160 Dallas Parkway, Plano, Texas 75024 where it also regularly conducts business in this District.  Through its offices in Texas and elsewhere, Autodesk does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.autodesk.com.  On information and belief, Autodesk's designated agent for service of process in Texas is National Registered Agents, Inc., 16055 Space Center Boulevard, Suite 235, Houston, Texas 77062.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 5,490,216

12. The allegations of paragraphs 1 – 11 above are incorporated herein by reference.

13. On February 6, 1996, United States patent number 5,490,216, entitled "System for Software Registration" ("the '216 patent"), was duly and legally issued to plaintiff Uniloc Singapore Private Limited, the present owner of the '216 patent. *See*, Ex. A.

14. Plaintiff Uniloc USA, Inc. is the exclusive licensee of the '216 patent in the United States.

15. Plaintiff Uniloc USA, Inc. has marked its products with the '216 patent number pursuant to 35 U.S.C. § 287.

16. On information and belief, BMC has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation BMC's Remedy Action Request System that permits customers to activate and/or register BMC's software products.  Pursuant to 35 U.S.C. § 271, BMC is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  BMC's unlawful acts will continue unless and until its infringement is enjoined.

17. On information and belief, Crypkey has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation the CrypkeyInstant and CrypkeySDK systems and processes that permits customers to activate and/or register software products. Pursuant to 35 U.S.C. § 271, Crypkey is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc. Crypkey's unlawful acts will continue unless and until its infringement is enjoined.

18. On information and belief, DR has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device

and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation the SecuROM and SoftwarePassport/Armadillo systems that permits customers to activate and/or register DR's software products that require activation and/or registration.  Pursuant to 35 U.S.C. § 271, DR is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  DR's unlawful acts will continue unless and until its infringement is enjoined.

19. On information and belief, EA has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation the SecuROM system that permits customers to activate and/or register EA's software products such as Hot Pursuit 2010 that require activation and/or registration.  Pursuant to 35 U.S.C. § 271, EA is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  EA's unlawful acts will continue unless and until its infringement is enjoined.

20. On information and belief, Intuit has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation Intuit's QuickBooks Pro 2011 and other software products that require activation and/or registration.  Pursuant to 35 U.S.C. § 271,

Intuit is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc. Intuit's unlawful acts will continue unless and until its infringement is enjoined.

21. On information and belief, Autodesk has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation the SafeCast system that permits customers to activate and/or register Autodesk's software products such as AutoCAD and Autodesk Inventor that require activation and/or registration. Pursuant to 35 U.S.C. § 271, Autodesk is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc. Autodesk's unlawful acts will continue unless and until its infringement is enjoined.

22. Each defendant's respective acts of infringement have caused reparable and irreparable damage to Uniloc and Uniloc will continue to suffer damage for which remedies at law are inadequate unless each defendant is enjoined. Considering the balance of the hardships between the parties, a remedy in equity including injunctive relief is warranted and such a remedy would be in the public interest. Uniloc, therefore, is entitled to injunctive relief under 35 U.S.C. § 283.

23. Upon information and belief, each defendant has had pre-suit notice of the '216 patent due, *inter alia*, to the ongoing litigation between Uniloc and Microsoft Corporation regarding the '216 patent, the pending litigation in this District regarding the '216 patent, and the press coverage thereof. With such knowledge, each defendant has acted despite an

objectively high likelihood that its actions constitute infringement of the '216 patent and each defendant has a subjective knowledge of such risk and/or such risk is obvious to defendants. Nonetheless, each defendant has failed to cease its infringing activities or obtain a license under the '216 patent. Accordingly, each of the defendant's infringement has been willful, and this case is exceptional, entitling Uniloc to an award of increased damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**WHEREFORE,** Uniloc prays that the Court:

A. Enter judgment that each defendant has each infringed, directly and/or indirectly, the '216 patent;

B. Enter judgment that each defendant's infringement of the '216 patent has been willful;

C. Temporarily, preliminarily and permanently enjoin defendants, their parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, and all parties in active concert and/or participation with them, from engaging in the aforesaid unlawful acts of infringement;

D. Award Uniloc all damages, including increased damages, caused by defendants' unlawful acts together with interest thereon;

E. Award Uniloc its attorney fees and costs incurred in this action, and

F. Grant Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of all issues triable of right by jury.

          Respectfully submitted,

          **UNILOC USA, INC.** and
          **UNILOC SINGAPORE PRIVATE LTD.**

Date: December 1, 2010      By:      Paul J. Hayes (w/permission Wesley Hill)
          Paul J. Hayes
          LEAD ATTORNEY
          Dean G. Bostock
          **MINTZ, LEVIN, COHN, FERRIS,**
            **GLOVSKY and POPEO, P.C.**
          One Financial Center
          Boston, Massachusetts 02111
          Tel: (617) 542-6000
          Fax: (617) 542-2241

          T. John Ward, Jr.
          Texas State Bar. No. 00794818
          J. Wesley Hill
          Texas State Bar. No. 24032294
          **WARD & SMITH LAW FIRM**
          111 West Tyler St.
          Longview, Texas 75601
          Tel: (903) 757-6400
          Fax: (903) 757-2323
          Email: jw@jwfirm.com
                 wh@jwfirm.com

4853601