**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| UNILOC USA, INC. and UNILOC SINGAPORE PRIVATE LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> (1) BMC SOFTWARE, INC.; <br> (2) CRYPKEY (CANADA), INC.; <br> (3) DIGITAL RIVER, INC.; <br> (4) ELECTRONIC ARTS, INC.; <br> (5) INTUIT INC., and <br> (6) AUTODESK, INC, <br><br> Defendants. | NO. 6:10-cv-00636-LED <br><br><br> JURY TRIAL DEMANDED |

**DEFENDANT INTUIT INC.'S ANSWER AND COUNTERCLAIMS**

**TO UNILOC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Intuit Inc. ("Intuit") answers the Original Complaint for Patent Infringement ("Complaint") of Plaintiffs Uniloc USA, Inc. and Uniloc Singapore Private Limited (collectively "Uniloc") as follows.

**I.**

**JURISDICTION AND VENUE**

1.  Intuit admits that paragraph 1 of the Complaint purports that this action arises under the patent laws of the United States, 35 U.S.C. § 271 *et al*. Intuit admits that this Court has subject matter jurisdiction over actions arising under 35 U.S.C. § 271 *et al*. pursuant to 28 U.S.C. §§ 1331 and 1338.

2.  Intuit admits that it has conducted business within this District and has derived revenue therefrom. Intuit denies that it has committed patent infringement in this or any other District. To the extent not yet commented on, Intuit is without knowledge or information

sufficient to form a belief as to the truth of the averments in paragraph 2 of the Complaint and therefore denies them.

3. Intuit admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Intuit reserves the right to move to transfer venue pursuant to 28 U.S.C. § 1404(a) as venue in one or more other Districts would clearly be more convenient and/or would better serve the interests of judicial economy.

## THE PARTIES

4. Intuit is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 of the Complaint and therefore denies them.

5. Intuit is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of the Complaint and therefore denies them.

6. Paragraph 6 of the Complaint purports to aver facts regarding another named defendant to which no response by Intuit is required. To the extent it makes averments against and requires a response from Intuit, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

7. Paragraph 7 of the Complaint purports to aver facts regarding another named defendant to which no response by Intuit is required. To the extent it makes averments against and requires a response from Intuit, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

8. Paragraph 8 of the Complaint purports to aver facts regarding another named defendant to which no response by Intuit is required. To the extent it makes averments against and requires a response from Intuit, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

9. Paragraph 9 of the Complaint purports to aver facts regarding another named defendant to which no response by Intuit is required. To the extent it makes averments against and requires a response from Intuit, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

10. Intuit admits that it is a Delaware corporation registered to do business in Texas with a principal place of business in Mountain View, California and a place of business at 5601 Headquarters Drive, Plano, Texas 75024. Intuit also admits that it conducts business within the Eastern District of Texas, within the State of Texas and within the United States and that its agent for service of process in Texas is The Prentice-Hall Corporation System, with an address of 211 E. 7th St., Ste 620, Austin, TX 78701-3218. Intuit denies that it has directly and/or indirectly committed patent infringement in this or any other District.

11. Paragraph 11 of the Complaint purports to aver facts regarding another named defendant to which no response by Intuit is required. To the extent it makes averments against and requires a response from Intuit, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

## COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 5,490,216

12. In response to paragraph 12 of the Complaint, Inuit's responses contained in paragraphs 1-11 above are incorporated and restated herein by reference.

13. Intuit admits that United States Patent No. 5,490,216 ("the '216 patent") on its face is titled "System for Software Registration" and that on its face bears a date of patent of February 6, 1996; that the '216 patent on its face lists "Uniloc Private Limited, Singapore" as the assignee; and that a purported copy of the '216 patent was attached to the Complaint as Exhibit A. Intuit denies all other averments in paragraph 13 not expressly admitted.

14. Intuit is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of the Complaint and therefore denies them.

15. Intuit is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of the Complaint and therefore denies them.

16. Paragraph 16 of the Complaint purports to aver facts regarding another named defendant to which no response by Intuit is required. To the extent it makes averments against and requires a response from Intuit, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

17. Paragraph 17 of the Complaint purports to aver facts regarding another named defendant to which no response by Intuit is required. To the extent it makes averments against and requires a response from Intuit, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

18. Paragraph 18 of the Complaint purports to aver facts regarding another named defendant to which no response by Intuit is required. To the extent it makes averments against and requires a response from Intuit, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

19. Paragraph 19 of the Complaint purports to aver facts regarding another named defendant to which no response by Intuit is required. To the extent it makes averments against and requires a response from Intuit, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

20. Denied.

21. Paragraph 21 of the Complaint purports to aver facts regarding another named defendant to which no response by Intuit is required. To the extent it makes averments against and requires a response from Intuit, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

22. Intuit denies paragraph 22 of the Complaint as to itself. To the extent that it avers facts regarding other named defendants, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

23. Intuit denies paragraph 23 of the Complaint as to itself. To the extent that it avers facts regarding other named defendants, Intuit lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such averments and therefore denies them.

24. Intuit denies all other averments in the Complaint that have not been specifically admitted in paragraphs 1 – 23 above.

/ / /

/ / /

## PRAYER FOR RELIEF

25. Intuit denies that Uniloc is entitled to any relief whatsoever, and specifically denies each and all of the averments and prayers for relief contained in paragraphs A-F of Uniloc's prayer for relief.

## II.

## INTUIT INC.'S AFFIRMATIVE AND OTHER DEFENSES

For its Defenses to the Complaint, Intuit avers as follows:

### FIRST DEFENSE
### (Failure to State a Claim)

1. The Complaint, and each and every purported claim for relief therein, fails to state a claim for relief against Intuit.

### SECOND DEFENSE
### (Non-Infringement)

2. Intuit has not infringed and does not infringe, directly or indirectly, literally or by the doctrine of equivalents, any valid claim of the '216 patent.

### THIRD DEFENSE
### (Invalidity)

3. The '216 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and laws related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE
### (Limitation on Damages)

4. Uniloc's claim for damages is barred by 35 U.S.C. §§ 286-287.

### FIFTH DEFENSE
### (Limitation on Recovery of Costs)

5. Pursuant to 35 U.S.C. § 288, Uniloc is barred from recovery of costs.

### SIXTH DEFENSE
### (No Injunctive Relief)

6. Uniloc cannot satisfy the requirements applicable to its request for injunctive

relief, in any form.

## SEVENTH DEFENSE
### (Laches)

7. Uniloc's claims against Intuit are barred, in whole or in part, under the doctrine of laches.

## EIGHTH DEFENSE
### (Prosecution History Estoppel)

8. The doctrine of prosecution history estoppel applies to preclude reliance by Uniloc on the Doctrine of Equivalents.

## NINTH DEFENSE
### (Claim Preclusion, Issue Preclusion and/or Kessler Doctrine)

9. Uniloc's claims are barred in whole or in part, under the doctrines of res judicata, collateral estoppel, and/or the Kessler Doctrine in light of the litigation styled *Uniloc USA, Inc. et al. v. Microsoft Corp.*, (Case No. 1:03-cv-440 (D.R.I.)), and other related findings, orders, and decisions, including *Uniloc USA, Inc. v. Microsoft Corp.,* ___ F.3d ___, 2011 WL 9738 (Fed.Cir.(R.I.) Jan 04, 2011) (NO. 2010-1035, 2010-1055).

## TENTH DEFENSE
### (License, Estoppel, Waiver, or Exhaustion)

10. Intuit is not liable, in whole or in part, pursuant to the doctrines of actual or implied license, estoppel, waiver, and/or patent exhaustion.

### RESERVATION OF ADDITIONAL DEFENSES

11. Intuit reserves the right to assert additional affirmative and other defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## III.

## INTUIT INC.'S COUNTERCLAIMS

For its Counterclaims against Uniloc USA, Inc. and Uniloc Singapore Private Limited (collectively "Uniloc"), Defendant and Counterclaimant Intuit Inc. ("Intuit") avers as follows:

## PARTIES

1. Defendant and Counterclaimant Intuit Inc. ("Intuit") is a Delaware corporation with a principal place of business at 2700 Coast Avenue, Mountain View, California, 94043.

2. Upon information and belief, and as alleged in the Complaint, Plaintiff and Counterclaim Defendant Uniloc USA, Inc. is a Texas corporation having a principal place of business at 2151 Michelson Drive, Irvine, CA 92612.

3. Upon information and belief, and as alleged in the Complaint, Plaintiff and Counterclaim Defendant Uniloc Singapore Private Limited is a Singapore corporation having a principal place of business at 80 Raffles Plaza, # 33-00 UOB Plaza I, Singapore 048624.

## JURISDICTION

4. Intuit counterclaims against Uniloc pursuant to the Patent Laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

5. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6. This Court has personal jurisdiction over Uniloc by virtue of, *inter alia*, its filing of the Complaint in this Court.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Uniloc has waived any objection to venue by appearing in this Court and filing its Complaint. Intuit reserves the right to move to transfer venue pursuant to 28 UCS 1404(a) as venue in one or more other districts would clearly be more convenient and/or would better serve the interests of judicial economy.

8. An actual, live and justiciable controversy exists between Intuit and Uniloc, by virtue of Uniloc's Complaint in this action and Intuit's Answer, as to whether the '216 patent is invalid and/or infringed by Intuit.

/ / /

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement)

9. Intuit restates and incorporates by reference paragraphs 1 through 8 of its Counterclaims as though fully set forth herein.

10. Uniloc claims to be the owner of all rights, title, and interest in the '216 patent.

11. Uniloc has asserted that Intuit has infringed the '216 patent.

12. Intuit has not infringed and is not infringing, directly or indirectly, literally or by the doctrine of equivalents, any valid claim of the '216 patent. Intuit is not liable for any infringement of any valid claim of the '216 patent.

13. Absent a declaration of non-infringement of the '216 patent, Uniloc will continue to assert the '216 patent against Intuit and will in this way cause damage to Intuit.

14. Accordingly, Intuit seeks a judgment holding that it does not infringe in any way any claim of the '216 patent.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity)

15. Intuit restates and incorporates by reference paragraphs 1 through 8 of its Counterclaims as though fully set forth herein.

16. Uniloc claims to be the owner of all rights, title, and interest in the '216 patent.

17. Uniloc has asserted that Intuit has infringed the '216 patent.

18. The '216 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

19. Absent a declaration of invalidity, Uniloc will continue to assert the '216 patent against Intuit and will in this way cause damage to Intuit.

20. Accordingly, Intuit seeks a judgment declaring the '216 patent is invalid.

## PRAYER FOR RELIEF

Wherefore, Intuit prays for relief with respect to Uniloc's Complaint and Intuit's Affirmative and Other Defenses and Counterclaims as follows:

  A. That Uniloc's Complaint be dismissed with prejudice and that the relief requested by Uniloc and any relief whatsoever in favor of Uniloc be denied;

  B. That this Court find and declare that the '216 patent is not infringed by Intuit and that Inuit is not liable as an infringer;

  C. That this Court find and declare that the '216 patent is invalid;

  D. That this Court declare this case to be exceptional and award Inuit its attorneys' fees and costs; and

  E. That this Court grant Intuit such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

  Under Rule 38 of the Federal Rules of Civil Procedure, Intuit demands a trial by jury on all claims so triable.

Dated: January 26, 2011          FENWICK & WEST LLP

                   By: */s/ Hector J. Ribera*
                      Hector J. Ribera
                      hribera@fenwick.com

                  Hector J. Ribera, CA Bar No. 221511
                  (Admitted E.D. Texas)
                  Silicon Valley Center
                  801 California St.,
                  Mountain View, California 94041
                  Telephone: (650) 988-8500
                  Facsimile: (650) 938-5200

                  Attorneys for Defendant
                  INTUIT INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 26, 2011. Any other counsel of record will be served by facsimile transmission and/or first class mail this 26th day of January, 2011.

                                                */s/ Hector J. Ribera*
                                                  Hector J. Ribera